UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DIEGO PILLCO,

      Petitioner,

 -against-

MARK BRADT,

      Respondent.
------------------------------------------------------------X

MEMORANDUM
OPINION AND ORDER

10 Civ. 2393 (SAS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/26/10

SHIRA A. SCHEINDLIN, U.S.D.J.:

  On March 17, 2010, this Court ordered pro se petitioner Diego Pillco ("Petitioner" or "Pillco") to file an affirmation showing cause why his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (the "Petition") should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Pillco complied with this Order and submitted the requested affirmation.[1] Because the reasons offered by Petitioner in his Affirmation do not warrant equitable tolling, his Petition is untimely.[2]

---

  [1]  *See* Petitioner's Affirmation ("Pet. Aff."). In his Affirmation, Petitioner concedes that under the AEDPA's one-year limitation period, he had until April 13, 2009, in which to file a timely habeas petition. *See id.* at 3.

  [2]  The so-called "mailbox rule" provides that a pro se prisoner's habeas petition is deemed filed the moment he delivers it to prison officials for mailing. *See Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001) (extending the "prisoner mailbox rule" described in *Houston v. Lack*, 487 U.S. 266, 276 (1988) to pro se prisoner habeas petitions).

Furthermore, the single claim raised by Pillco in his Petition – that his sentence exceeded the maximum term authorized for a class B violent felony in violation of New York Penal Law § 70.02 – is not cognizable on habeas review. Accordingly, the Petition is hereby dismissed.

## I. BACKGROUND

Petitioner pled guilty to one count of Manslaughter in the First Degree, pursuant to section 125.20 of the New York Penal Law, which is a Class B violent felony.[3] On March 13, 2008, Petitioner was sentenced to a determinate period of twenty-five years in custody plus five years of post-release supervision. Petitioner did not appeal his conviction or sentence.

In his Affirmation, Petitioner states because he does not understand English, he entrusted his legal papers to an inmate law library clerk for assistance with the preparation of a New York Criminal Procedure Law § 440.20 motion

---

Furthermore, courts in the Second Circuit generally assume that a prisoner's papers are given to prison officials on the date they are signed. *See Johnson v. Coombe*, 156 F. Supp. 2d 273, 277 (S.D.N.Y. 2001) ("Although it is not clear when the plaintiff gave his complaint to prison officials, absent evidence to the contrary, the Court assumes that the prisoner gave his petition to prison officials for mailing on the date he signed it.") (quotation marks and alterations omitted). Here, Pillco signed and delivered the Petition to prison authorities for mailing on October 12, 2009.

[3] *See* New York Penal Law § 70.02(1)(a).

("section 440.20 motion").[4] The inmate-clerk took possession of Petitioner's legal papers and began preparing the 440.20 motion in late 2008.[5] However, the inmate was subsequently transferred out of Pillco's facility and Pillco's legal papers were misplaced.[6] In addition, the computer which stored Pillco's section 440.20 motion was removed from the law library before he had a chance to retrieve and print his file.[7] With the assistance of another inmate, Petitioner filed his section 440.20 motion on May 28, 2009, after the deadline for his habeas petition had passed.[8] The trial court denied the section 440.20 motion on July 9, 2009.[9] The instant Petition was mailed to the Court on October 15, 2009, but not filed until March 17, 2010.

## II.   LEGAL STANDARDS

### A.   Statute of Limitations

---

[4]   *See* Pet. Aff. at 1.

[5]   *See id.*

[6]   *See id.*

[7]   *See id.* at 2.

[8]   *See id.* at 3.

[9]   *See id.*

The AEDPA establishes a "1-year period of limitation" in connection with an application for a writ of habeas corpus "by a person in custody pursuant to the judgment of a State court."[10] Courts must calculate the relevant limitation period from the latest of four benchmark dates.[11] The relevant benchmark date for petitioner's claim is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[12] A judgment becomes final when a petitioner fails to file a timely notice of appeal, and the appeal period expires.[13]

**B. Equitable Tolling**

The Supreme Court has recently held that the one-year limitations period in the AEDPA is subject to equitable tolling.[14] The Supreme Court has "previously made clear that a 'petitioner' is 'entitled to equitable tolling' only if he

---

[10] 28 U.S.C. § 2244(d)(1).

[11] *See id.* § 2244(d)(1)(A)-(D).

[12] *Id.* § 2244(d)(1)(A).

[13] *See Bethea v. Girdich*, 293 F.3d 577, 578-79 (2d Cir. 2002).

[14] *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Prior to *Holland*, the Second Circuit held that 28 U.S.C. § 2244(d) is subject to equitable tolling. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam) (joining its sister circuits that have considered this issue and "uniformly have held that the one-year period is a statute of limitations rather than a jurisdictional bar so that courts may equitably toll the period").

shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[15]

While the burden is on the petitioner to show that extraordinary circumstances prevented him from filing the petition on time, "federal courts [must] take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted."[16] To meet the extraordinary circumstances standard, a petitioner must prove that the cause of his delay was " both beyond his control and unavoidable even with diligence."[17] For example, "difficulty in gaining library access, prison lockdowns,

---

[15] *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because *Holland* involved attorney misconduct, principles regarding equitable tolling from lower courts are cited herein.

[16] *Martinez v. Kuhlmann*, No. 99 Civ. 1094, 1999 WL 1565177, at *3 (S.D.N.Y. Dec. 3, 1999).

[17] *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). *Accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate."); *Fennell v. Artuz*, 14 F. Supp. 2d 374, 377 (S.D.N.Y. 1998) (holding that equitable tolling is not warranted when based on excuses common among prisoners, such as lack of education and lack of familiarity with legal research).

[petitioner's] lack of legal training, poor eyesight, and transfers to various prisons" fail to meet the requisite extraordinary circumstances.[18]

### C. Excessive Sentence

A federal court may entertain a habeas petition to the extent that it alleges state custody in violation of the Constitution, laws or treaties of the United States.[19] Claims arising out of a state court sentencing decision are generally not cognizable on federal habeas review.[20] For purposes of habeas review, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."[21] Conversely, a claim that a sentence is excessive

---

[18] *Atkins v. Harris*, No. 98 Civ. 3188, 1999 WL 13719, at *2 (N.D. Cal. Jan. 7, 1999) (holding that "lockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the AEDPA statute of limitations.").

[19] *See* 28 U.S.C. § 2254(a).

[20] *See Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987). *Cf. Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Hameed v. Jones*, 750 F.2d 154, 160 (2d Cir. 1984) ("Federal habeas corpus is not, of course, available simply by virtue of a violation of state criminal law.") (citing *Rogers v. Peck*, 199 U.S. 425 (1905)).

[21] *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). *Accord Santiago v. Riley*, No. 92-cv-2302, 1993 WL 173625, at *4 (E.D.N.Y. May 14, 1993) ("Where the sentence imposed by a state trial judge is within the statutorily prescribed range, the constitution is not implicated and there is no federal question for habeas corpus review."); *Underwood v. Kelly*, 692 F. Supp. 146, 152 (E.D.N.Y.1988), *aff'd*, 875 F.2d 857 (2d Cir. 1989).

is cognizable on federal habeas review if that sentence is outside the range prescribed by state statutory law,[22] or if a legal error "resulted in the improper exercise of the sentencer's discretion and thereby deprived the petitioner of his liberty."[23]

## III. DISCUSSION

### A. Equitable Tolling

Pillco's reasons for the delay in the filing of his Petition do not warrant equitable tolling. *First*, the fact that Pillco does not understand English cannot be a ground for equitable tolling because it would exempt all non-English speaking defendants from the AEDPA requirements, a result Congress surely did not intend. *Second*, his reliance on an inmate-clerk who was subsequently transferred is misplaced for several reasons. Pillco states that the inmate-clerk was assisting him with his section 440.20 motion, not his habeas petition. And while a properly filed section 440.20 motion would have tolled the one-year period for his habeas petition, Pillco did not file his section 440.20 motion until after the habeas deadline had already expired. More fundamentally, entrusting one's legal papers

---

[22] *See White*, 969 F.2d at 1383.

[23] *Haynes*, 825 F.2d at 924 (citing *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980)).

to another inmate cannot be a ground for equitable tolling as it represents a complete abdication of responsibility by the habeas petitioner.  Finally, the fact that the computer was removed with Pillco's file in it is also of no legal consequence.  Petitioner is responsible for maintaining his own legal papers and cannot blame a missing computer file when he fails to do so.  When it was eventually filed, Pillco's Petition contained the following single claim:

> The Scheme of Sentencing exceeded the authorized sentence for a class B violent felony and is clearly a violation of Penal Law § 70.02(3)(a), and violates defendant's right to liberty under the New York and United States Constitution.
>
> Petitioner was sentenced to 25 years with 5 years Post-Release Supervision.  This exceeded the maximum term authorized for a Class B violent felony.  The petitioner contends that post-release is part of the sentence; the People contend that it is in addition t o the maximum of 25 years.  This violates the right to liberty.

The set of circumstances described by Pillco would not have stopped a reasonably diligent petitioner from submitting a simple "barebones" habeas petition in a timely manner.  Pillco's attempt to excuse his failure by blaming his lack of English skills, inmate transfers, and a relocated computer, either separately or in combination, simply do not warrant equitable tolling.  Accordingly, because no portion of the one-year limitation period was subject to equitable tolling, Pillco's

habeas petition was due on April 13, 2009. Because he did not sign his Petition until October 12, 2009, Pillco's Petition is time-barred.

### B. Excessive Sentence

Even if the instant Petitition was not time-barred, the claim Pillco raises, namely, that his sentence was excessive, is not cognizable on habeas review. Pillco's sentence was within the range of imprisonment and post-release supervision found in the New York Penal Law. To wit, the term of imprisonment for a class B violent felony must be a determinate sentence of at least five years and must not exceed twenty-five years.[24] In addition "[w]hen a court imposes a determinate sentence it shall in each case state not only the term of imprisonment, but also an additional period of post-release supervision as determined pursuant to [Article 70]."[25] The period of post-release supervision "shall be not less than two and one-half years nor more than five years whenever a determinate sentence of imprisonment is imposed pursuant to subdivision three of section 70.02 of this article upon a conviction of a class B or class C violent felony offense."[26]

---

[24] *See* New York Penal Law § 70.02(3)(a).

[25] *Id.* § 70.45(1).

[26] *Id.* § 70.45(2)(f).

9

Thus, Pillco's sentence was not outside the statutory maximum prescribed for a violent class B felony.[27] Furthermore, the state court sentence was not a result of either legal error or an abuse of discretion. Pillco's claim of a constitutional error stemming from his state sentence, even if it were cognizable, is without legal merit. Moreover, the state court's denial of Pillco's section 440.20 motion was neither contrary to, nor involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.[28] Therefore, Pillco's Petition would be dismissed on these alternative grounds even if it were considered timely.

## IV. CONCLUSION

For the reasons set forth above, the Petition is hereby dismissed. The final question is whether to grant a Certificate of Appealability ("COA"). For a COA to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."[29] A "substantial showing" does not require a petitioner to demonstrate that he would prevail on the merits, but merely that reasonable jurists could debate whether "the petition should have been resolved in a different

---

[27] *See* New York Penal Law § 70.02.

[28] *See Williams v. Taylor*, 529 U.S. 362, 405 (2000).

[29] 28 U.S.C. § 2253(c)(2).

manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"[30] Petitioner has made no such showing. Accordingly, I decline to grant a certificate of appealability. The Clerk of the Court is directed to dismiss the instant Petition and close this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:     New York, New York
            August 26, 2010

---

[30] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotation marks and citation omitted)). *Accord Middleton v. Attorneys Gen. of the States of New York and Pennsylvania*, 396 F.3d 207, 209 (2d Cir. 2005) (denying COA where reasonable jurists could not debate whether the district court's dismissal of the petition was correct).

## - Appearances -

**Petitioner (Pro Se):**

Diego Pillco
# 08-A-1607
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902-0500